IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                        No.  05-40141-01-SAC

CRISTINO A. GARCIA,

                Defendant.

MEMORANDUM AND ORDER

The defendant pleaded guilty to two counts of being a felon in possession of a firearm. The presentence report ("PSR") recommends a Guideline sentencing range of 41 to 51 months from a criminal history category of six and a total offense level of 15 (a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6), plus a four-level adjustment pursuant to U.S.S.G. § 2K2.1(b)(5), less a three-level acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1). The addendum to the PSR, as does the defendant's filed objections (Dk. 33), reflects the defendant has four unresolved objections.

**Defendant's First Objection**: The defendant objects to receiving only a two-level reduction for acceptance of responsibility when the government agreed to recommend a three-level reduction for this adjustment.

*Ruling*:  Based on recent changes to the PSR as disclosed on September 12, 2006, the defendant has received a three-level reduction.  This objection is overruled as moot.

**Defendant's Second Objection**:  The defendant makes a blanket objection to the criminal history points scored in ¶¶ 35-41, 43 and 49.  The defendant complains the PSR does not disclose the source of information found in those paragraphs or the manner for verifying the information.  The defendant points to the language appearing in each paragraph that "[d]etails of this offense are not readily available as the U.S. Probation Office is awaiting further information from" the Police Department either at Garden City, Kansas, or at Salina, Kansas.

*Ruling*:  The court understands the above language quoted from the PSR is nothing more than an information disclaimer that the PSR writer has requested further factual details of the defendant's offense conduct from the relevant police department and the requested material has not been received.  There is nothing to suggest that these additional details would impact the criminal history calculations.  The sources used in writing and calculating the defendant's criminal history score are fully disclosed in the PSR's addendum, and they are typical of the reliable sources used by probation officers to prepare the PSRs.  The defendant's objection is overruled.

**Defendant's Third Objection**:  The defendant summarily objects to ¶¶ 53 through 62 which disclose the defendant's arrests for other alleged criminal conduct.  The defendant's only stated basis for this objection is that the PSR fails to identify the source and verification of the information.

*Ruling*:  The court determines that no ruling on this objection is necessary, as the contested matter will not affect sentencing.  Fed. R. Crim. P.  32(i)(3)(B).

**Defendant's Fourth Objection**:  The defendant objects to the criminal history points scored in ¶¶ 48 and 49 as he was not represented by counsel in those cases.

*Ruling*:  A court may not base a sentence enhancement on a prior uncounseled misdemeanor conviction where the defendant was sentenced to imprisonment, unless the defendant waived counsel.  *See Nichols v. United States*, 511 U.S. 738, 746-47 (1994).  However, once the government establishes the existence of a prior conviction, the defendant bears the burden of proving by a preponderance of the evidence that this prior conviction was constitutionally infirm.  *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir.), *cert. denied*, 517 U.S. 1115 (1996).  The defendant's burden arises from the "presumption of regularity" that attaches to final judgments even when a waiver of constitutional rights is at issue.  *Parke v. Raley*, 506 U.S. 20, 29 (1992).  "To overcome this

presumption, a defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution." *United States v. Cruz-Alcala*, 338 F.3d 1194, 1197 (10th Cir.) (citations omitted), *cert. denied*, 540 U.S. 1094 (2003). The defendant here does not come forward with any affirmative evidence to contradict the undisputed statements appearing in each paragraph that the defendant waived his right to counsel. The defendant's objection is overruled.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are overruled.

Dated this 16th day of October, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge